IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISHONA HODGES, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 21-cv-3148 |
| | ) |
| v. | ) |
| | ) |
| CASTLE CREDIT CO | ) |
| HOLDINGS LLC | ) |
| | ) |
| Defendant. | ) |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Chrishona Hodges, on behalf of herself and other persons similarly situated, through her attorney, Hughes Socol Piers Resnick & Dym, Ltd., complains against Defendant Castle Credit Co Holdings LLCS ("Castle Credit") as follows:

**NATURE OF THE ACTION**

1. This is an action for unpaid wages brought against Defendant for state and federal wage and hour violations stemming from Defendant's miscalculation of Plaintiff's regular rate when determining overtime pay. Plaintiff brings this action against Defendant to recover unpaid wages, interest, statutory penalties, liquidated damages, and attorneys' fees and costs owed to her and other similarly situated current and former employees. Plaintiff also brings this action to obtain declaratory and injunctive relief as well as all other relief that the Court deems appropriate.

**JURISDICTION**

2. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## **VENUE**

3. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district and because the Defendant resides in this judicial district. *See* 28 U.S.C. § 1391(b).

## **PARTIES**

4. Defendant, whose principal office is in Chicago, Illinois, is a consumer finance company that provides financing for home improvement, remodeling, and related trades throughout Illinois and nationwide.

5. Chrishona Hodges ("Hodges") worked for Castle Credit from October 2019 to June 5, 2021. She worked as a collection specialist, and her job responsibilities included calling customers who had delinquent loan payments with respect to their purchases of vacuums or water filtration systems and negotiating plans for customers to make their outstanding payments.

6. During relevant times, Castle Credit employed Hodges for purposes of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/3(d).

### **Enterprise Status**

7. From June 11, 2018, to the present, Defendant constituted an "enterprise engaged in commerce" as that term is defined in the FLSA because it performed related activities (either through unified operation or common control) for a common business purpose.

8. During relevant times, Defendant engaged in over $500,000 in annual sales or business.

9. During relevant times, Defendant's employees handled goods or materials that moved in interstate commerce.

**Unpaid Overtime**

10. From June 11, 2018, until the present, Defendant failed to pay Plaintiff and other workers appropriate overtime premium pay as required by the FLSA and IMWL.

11. Defendant's FLSA and IMWL violations stemmed from a miscalculation of Plaintiff's regular rate of pay.

12. Defendant regularly paid Plaintiff and other collection specialists and customer service representatives commissions as a percentage of the total outstanding customer loan payments they were able to collect during a pay period. On information and belief, Defendant also paid loan sales representatives commissions as a percentage of the loans they were able to sell during a pay period.

13. When calculating Plaintiff's and other workers' regular rates, Defendant failed to include money paid to workers for commissions that formed part of Plaintiff's and other workers' compensation. *See* 29 C.F.R. § 778.117.

14. Consequently, when Plaintiff and other hourly employees worked more than forty hours in a workweek, Defendant paid them substantially less than one-and-a-half times their regular hourly rate for hours worked in excess of forty in a workweek.

15. Sample payroll records revealing the overtime violation are attached as Exhibit A.

16. Plaintiff's FLSA opt-in form is attached as Exhibit B, in accordance with 29 U.S.C. 216(b).

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

17. Plaintiff brings the claim set forth in Count I, alleging violations of the FLSA overtime requirement, as an opt-in representative or collective action on behalf of herself and an **"FLSA Overtime Class,"** consisting of all individuals who worked for Castle Credit in Illinois

as an hourly employee between June 11, 2018 and June 11, 2021, and who received commissions during at least one workweek in which the individual worked over forty hours.

18. Plaintiff brings the claim in Count II, alleging violations of the IMWL, on behalf of herself and an **"IMWL Overtime Class,"** consisting of all individuals who worked for Castle Credit in Illinois as an hourly employee between June 11, 2018 and June 11, 2021, and who received commissions during at least one workweek in which the individual worked over forty hours.

19. There are legal and factual questions that are common to Plaintiff's and the IMWL Overtime Class Members' claims under the IMWL that predominate over any question(s) solely affecting individual members of the class. One such question is whether Castle Credit engaged in a pattern, practice, or policy of forcing, suffering, or permitting employees to work in excess of forty hours in a work week and failing to pay them at least one-and-a-half times their regular rate of pay for overtime hours.

20. The Classes for whose benefit this action is brought are each so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. Defendant miscalculated the regular rate of pay for at least one hundred of its employees during the relevant class period.

21. Plaintiff will fairly and adequately protect the interests of the Classes that she seeks to represent. Plaintiff's claims are typical of the claims of other Class Members because Plaintiff was an hourly employee of Castle Credit who, like the other members of the Classes, sustained damage arising out of Defendant's failure to pay the correct overtime rate of pay.

22. Plaintiff has retained counsel competent and experienced in complex and class action litigation, including wage and hour litigation.

23. A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

24. The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

## COUNT I
### FLSA Overtime Class

25. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

26. Defendant willfully refused to pay overtime premiums required by FLSA, 29 U.S.C. § 207(a), which requires an employer to pay its hourly, non-exempt employees at a rate of not less than one-and-a-half times the regular rate of pay for all hours worked in excess of forty in any workweek.

27. Defendant's FLSA violations were clear and obvious. The miscalculation of Plaintiff's regular rate can be determined simply by examining Plaintiff's paychecks.

### PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment against Castle Credit and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b);

b.   Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiff as well as all applicable liquidated damages;

c.   Declaring that Castle Credit's conduct violated the FLSA.

d.   Awarding Plaintiff her reasonable attorneys' fees and costs of this action;

e.   Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f.   Awarding such other and further relief as this Court deems appropriate and just.

## COUNT II
### IMWL Overtime Class

28.   Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

29.   This count is brought against Castle Credit on behalf of:

all individuals who worked for Castle Credit as an hourly employee between June 11, 2018 and June 11, 2021, who worked a total of more than forty hours in a workweek, and whose quarterly bonuses were not included in their regular rate of pay.

30.   Castle Credit refused to pay overtime premiums as required by the IMWL, 820 ILCS 105/4, which requires an employer to pay its hourly, non-exempt employees at a rate of not less than one-and-a-half times the regular rate of pay for all hours worked in excess of forty in any workweek.

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment against Castle Credit and issue an order:

a.   Certifying a class as defined in this count;

b.   Appointing Plaintiff Hodges as representative of the class;

c.   Appointing the undersigned counsel as class counsel;

d.   Declaring that the actions complained of herein violate 820 ILCS 105/4;

e.   Awarding unpaid wages due as provided by the IMWL;

f. Awarding prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

g. Awarding penalties in the amount of treble damages and 5% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

h. Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

i. Providing injunctive relief requiring Castle Credit to pay all statutorily-required wages and penalties and barring future violations; and

j. Awarding such other relief as this Court deems just and proper.

## Jury Demand

Plaintiff demands a jury trial on all claims for which a jury trial is available.

June 11, 2021                                            Respectfully submitted,

                                                                           /s/ Christopher J. Wilmes
                                                         One of the Attorneys for Plaintiff

Christopher J. Wilmes
Justin Tresnowski
**Hughes Socol Piers Resnick & Dym, Ltd.**
70 W. Madison St., Suite 4000
Chicago, IL 60602
(312) 580-0100